***********
Upon review of the record, including the pleadings from the Industrial Commission file, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and the pleadings, modifies the Decision and Order of the Deputy Commissioner and enters the following Decision and Order.
 ***********
At the hearing before the Deputy Commissioner, the following were admitted into evidence as:
 EXHIBITS
Stipulated Exhibit #1: Affidavit of Plaintiff
 ***********
Based upon the competent evidence of record, the Full Commission enters the following: *Page 2 
 FINDINGS OF FACT
1. At all times relevant to his tort claim, Plaintiff has been a prison inmate in the custody and control of Defendant North Carolina Department of Correction.
2. Plaintiff contends he is unlawfully incarcerated due to the "negligence" of two officers of Defendant, identified as Judy H. Sills who allegedly works in Combined Records and Theodis Beck, former Secretary of the Department of Correction. Specifically, Plaintiff testified that the failure of Defendant and its officers to retroactively apply provisions of North Carolina's Structured Sentencing Act to Plaintiff's 1993 life sentence, which was imposed pursuant to the now-repealed Fair Sentencing Act, constitutes the breach of a common law duty of reasonable care by operation of the doctrine of negligence per se.
3. In an Order for the Full Commission filed April 7, 2009, Plaintiff was permitted to proceed to hearing on his negligence claim.
4. At his hearing, Plaintiff failed to present sufficient evidence to prove his claim for negligence. Plaintiff has submitted numerous handwritten documents wherein he has argued that Defendant breached its duty to follow the clear mandate from the General Assembly in enacting the sentencing guidelines, which became effective in 1994 and that Defendant's negligence has caused him to remain incarcerated beyond the period allowed by applicable sentencing guidelines. Plaintiff's arguments and the testimony of his witness are insufficient to prove his claim.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following: *Page 3 
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. SeeStone v. N.C. Dep't of Labor,347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998). The North Carolina Industrial Commission has jurisdiction over Plaintiff's claim.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v. N.C.State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty and (2) breached this duty; and (3) that this breach proximately caused (4) injury to the plaintiff.Id. Plaintiff has not proven his claim for negligence. Id.
 **********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's negligence claim against Defendant is DENIED and this matter is DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis. *Page 4 
This the ___ day of August, 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1